LEO T. PERLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ADOLPH ROSENBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SARA F. ROSENBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 9166, 9167, 9936. Promulgated June 28, 1927.

Losses claimed by reason of surrender of stock disallowed due to lack of evidence of the cost of the stock surrendered.

*Joseph R. Little, Esq.,* for the petitioners.
*Robert A. Littleton, Esq.,* for the respondent.

These proceedings result from the determination of deficiencies in income tax for the calendar year 1924, in amounts as follow: for Leo T. Perls, $217.97; for Adolph Rosenberg, $668.22; for Sara F. Rosenberg $38.39. Upon motion made and granted, the appeals were consolidated for hearing and decision. But one issue is involved, and is common to all appeals save in the amount of deduction claimed. Error is assigned in that the Commissioner, in determining net income of the petitioners for the year 1924, disallowed deductions of $16,250 by Perls, $26,250 by Adolph Rosenberg, and $26,250 by Sara F. Rosenberg, claimed as losses sustained during the year through the surrender to Adolph Rosenberg & Co. Inc., a corporation, of shares of its own preferred capital stock.

FINDINGS OF FACT.

Petitioners are individuals residing at New York City. A. Rosenberg & Co., Inc., was organized in 1919 for the purpose of taking over the assets and continuing the business of A. Rosenberg & Co., a copartnership composed of the petitioners. Upon incorporation, Blanche T. Perls and the petitioners became the sole stockholders. On January 1, 1924, the outstanding capital stock in the corporation was held as follows: Adolph Rosenberg 882½ shares of Class A preferred stock, 11 shares of common stock; Sara F. Rosenberg, 882½ shares Class A preferred stock; Leo T. Perls,

162½ shares Class B preferred stock, 9 shares common stock; Blanche T. Perls, 162½ shares Class B preferred stock.

In December, 1924, the stockholders caused to be filed an application for an extension of the corporation's charter for a term of one year from January 2, 1925, and by agreement among them, stockholdings were rearranged as follows: capital stock was turned into the corporation by Adolph Rosenberg 252½ shares of Class A preferred stock, by Sara F. Rosenberg 252½ shares of Class A preferred, by Leo T. Perls 162½ shares of class B preferred and 2 shares of common, by Blanche T. Perls 162½ shares of Class B preferred, and Leo T. Perls transferred to Adolph Rosenberg one share of common stock. At the end of the calendar year 1924, the stockholdings were as follows: Held in the treasury of Adolph Rosenberg & Co., Inc., 505 shares of Class A preferred stock, 325 shares of Class B preferred, 2 shares of common stock; held by Adolph Rosenberg 630 shares of Class A preferred and 12 shares of common stock; held by Sara F. Rosenberg 630 shares of Class A preferred stock; held by Leo T. Perls 6 shares of common stock. On December 31, 1924, the following agreement was entered into:

AGREEMENT made this 31st day of December, 1924, between ADOLPH ROSENBERG, party of the first part, hereinafter referred to as "Rosenberg", LEO T. PERLS, party of the second part, hereinafter referred to as "Perls", both of the City and State of New York, ADOLPH ROSENBERG & CO., INC., a domestic corporation, party of the third part, hereinafter referred to as the "corporation", SARA F. ROSENBERG, wife of the said Adolph Rosenberg, party of the fourth part, and BLANCHE M. PERLS, wife of said Leo T. Perls, party of the fifth part.

IN CONSIDERATION of the mutual covenants hereinafter expressed, the parties agree:

I. The minutes of a certain meeting of stockholders and directors of the Corporation, held on December 29th, 1924, and all resolutions adopted and all things done at said meeting are hereby accepted and approved with the same force and effect as if done pursuant to the provisions of this Agreement. Said minutes are annexed hereto as Exhibit A.

II. If by May 31, 1925, the net assets of the Corporation are not in excess of $126,000, then the parties hereto will vote their stock in the corporation and do all things necessary and proper to effect the dissolution of the Corporation as of July 1, 1925.

III. All of the parties to this agreement who hold preferred stock of the Corporation herewith waive all right to dividends accrued or to accrue on such preferred stock to and including the 31st day of December, 1924.

IV. All dividends hereafter to be declared and paid on the common stock of the Corporation held by Perls shall be paid to Rosenberg until the sum of $8,193.18 has been paid to Rosenberg in this manner. The said sum is arrived at by computing the respective losses for the year 1924, chargeable to Rosenberg and Perls pursuant to agreement between them and by making the adjustments in stockholdings more particularly specified in the minutes of the said meeting of stockholders and directors held on December 29th, 1924.

V. The Board of Directors shall continue to consist of three directors who shall be Adolph Rosenberg, Leo T. Perls and Edward M. Opper.

If, for any reason, the said Opper shall become incapacitated or be removed as a director, or shall resign or die, then Enrico N. Stein shall be elected a director in his place. The officers of the Corporation shall be: Adolph Rosenberg, President; Leo T. Perls, Secretary and Treasurer, and Edward M. Opper, Assistant Secretary and Assistant Treasurer.

The parties hereto agree, so far as they may legally do so, to vote and to do and perform all things necessary to effectuate the provisions of this agreement, and to assure the continuance of the persons named as directors and officers of the Corporation for the period of this agreement.

VI. Rosenberg shall be employed by the Corporation as Manager, at a salary of fifteen thousand dollars per annum, payable in equal monthly installments, at the termination of each month. Perls shall be employed by the Corporation as Assistant Manager, at a salary of ten thousand dollars per annum, payable in equal monthly installments, at the termination of each month.

VII. The By-Laws shall have and/or continue to have the following provisions:

(1) That checks shall be signed by either the president or the treasurer of the Corporation.

(2) That promissory notes, bills payable, bills of exchange and acceptances must be signed by both the president and treasurer of the Corporation.

In case of the absence, death or incapacity of Rosenberg checks may be signed by said Opper or his successor, and promissory notes, bills payable, bills of exchange and acceptances shall be signed by both said Opper or his successor, and the said Perls.

In case of the absence, death or incapacity of said Perls, promissory notes, bills payable, bills of exchange and acceptances shall be signed by both said Opper or his successor and the said Rosenberg.

(3) Contracts for the purchase of merchandise amounting to more than ten thousand dollars in the aggregate, in one season, must be approved by both the president and treasurer. Each employment contract involving more than three thousand dollars annually must be approved and signed in similar manner, but any employment contract involving less than three thousand dollars in one transaction, or a series of transactions, may be signed by either the president or treasurer.

VIII. The provisions in pages 5, 6, 7 and the first three lines of page 8 in paragraph " VI " of the agreement between these parties, dated October 29th, 1920, relating to inventory, shall, so far as consistent with the provisions of this agreement, be and be deemed part of this agreement with the same force and effect as if herein at length set forth.

IX. The provisions of paragraph " VII " of the said agreement between the parties hereto, dated October 29th, 1920, shall be and be deemed part of this agreement insofar as said provisions are consistent with this agreement; except that the insurance policy upon the life of Leo T. Perls is and shall continue to be in the sum of $35,000, and not in the sum of $60,000, as specified in the said agreement dated October 29th, 1920.

If upon the death of either Rosenberg or Perls the survivor shall elect to purchase the stock of the decedent—then the $35,000 collected on the insurance policy on the life of the deceased shall be applied to the payment of the first installments due for the stock so purchased. But if the surviving party does not elect to purchase the stock of the deceased, then the said $35,000 shall be paid to the corporation. The remaining provisions of the said agreement dated October 29th, 1920, with respect to the death of the parties to this agreement and the purchase of stock of deceased parties shall remain in full

force and effect insofar as they may be consistent with the specific provisions of this agreement.

X. Each of the individual parties hereto further agrees, during the continuance of the corporate existence, and while he or she is a stockholder of the Corporation, not to make, endorse or accept in his or her individual name, or in the name of the Corporation, any note, acceptance, bill, draft or check as accommodation for any person or persons, firm, association or corporation whatsoever, or enter into any bond as surety or guarantor or otherwise become surety for any person or persons whatsoever, without the written consent of the other of the individual parties hereto, and further, that neither he nor she will not, without such written consent of the other of said individual parties hereto, pledge his or her stock in the Corporation or hypothecate the same in any manner, or enter into any speculative deal or transaction, or be interested, directly or indirectly, in any speculative account.

XI. Each of the individual parties hereto severally does covenant and agree with the other individual parties hereto, not to sell or offer for sale, pledge, give away or dispose of except as hereinafter indicated, any shares of the stock of Adolph Rosenberg & Co., Inc., preferred or common, now or hereafter owned by him or her, and/or any right or rights to purchase or acquire any of said stock, to any person, firm or corporation until he or she, as the case may be, shall first deliver to the other individual male party to this agreement, a notice in writing that he or she desires to sell all or any portion of the stock-holdings of both the husband and also of the wife of the party or parties so offering said stock, preferred or common, and the other male party hereto shall be entitled to purchase all but not a part of the said so offered stock at its book value as of the inventory date next preceding the offer.

Nothing in this agreement shall prevent any individual party hereto who now owns or who shall hereafter own any preferred capital stock of Adolph Rosenberg & Co. Inc., or who shall of record appear as a holder of any of the preferred capital stock of the Corporation, from freely assigning or transferring, or reassigning or retransferring either in whole or in part any such of the preferred capital stock from husband to wife, or from wife to husband or back from wife to husband, or back from husband to wife, and the said assignments, reassignments, transfers and retransfers shall not in any way be limited by the terms or conditions of this agreement except that nothing in this paragraph is intended or shall be construed to give to any of the said holders of the preferred capital stock the right to assign or transfer, reassign or retransfer or otherwise dispose of any part of the said preferred capital stock otherwise than as herein specifically limited, and back to the original assignor and all of the said preferred capital stock shall be otherwise subject to all of the other terms and conditions of this agreement.

XII. Book value, as used in this agreement in reference to any option to purchase stock, is hereby defined to include salary accrued and payable, and the accumulated dividends on the preferred stock of the party whose stock is so purchased.

XIII. No officer, agent or employee shall be permitted to make an overdraft, except and unless he shall be authorized so to do by a vote of at least two-thirds of the board of directors at a regular or at a special meeting of the board, called for said purpose.

XIV. This agreement shall be deemed to supersede the said agreement between the parties hereto, dated October 29th, 1920, except insofar as certain provisions of said agreement are made part hereof by the terms hereof.

XV. This agreement shall continue in force and effect from the 31st day of December, 1924, to the 31st day of December, 1925.

IN WITNESS WHEREOF, the parties of the first, second, fourth and fifth parts hereto have hereunto set their hands and seals, and the party of the third part has caused this instrument to be executed by its president, and its corporate seal to be hereunto affixed, the day and year first above written.

In presence of:

| | | |
|---|---|---|
| GJ | ADOLPH ROSENBERG | [L. S.] |
| GJ | LEO T. PERLS | [L. S.] |
| GJ | SARA F. ROSENBERG | [L. S.] |
| GJ | BLANCHE L. PERLS | [L. S.] |
| | ADOLPH ROSENBERG & CO. INC., | |
| GJ | By ADOLPH ROSENBERG, | |

*President.* [SEAL]

SPECIAL MEETING OF STOCKHOLDERS AND DIRECTORS OF ADOLPH ROSENBERG & CO. INC.

Minutes of Special joint meeting of the Stockholders and Directors of Adolph Rosenberg & Co. Inc., held at the office of the company, No. 1 Bond Street, Borough of Manhattan, New York City, on Monday, December 29, 1924, at 10 a. m.

PRESENT:

ADOLPH ROSENBERG
SARA F. ROSENBERG
LEO T. PERLS
BLANCHE L. PERLS, and
E. M. OPPER.

Upon motion duly made and seconded, Adolph Rosenberg was elected Chairman and Leo T. Perls Secretary of the meeting.

The Secretary presented a written waiver of notice of this meeting signed by all of the directors and stockholders of the corporation, and upon motion duly made and carried, it was

ORDERED that the same be prefixed to the minutes of this meeting.

The President directed attention to the extension of the Company's corporate existence for a further term of one year from January 2, 1925, and stated that the certificate of extension was filed with the Secretary of State on October 14, 1924, and with the New York County Clerk on October 15, 1924.

The Chairman then made a statement concerning the impairment of the company's capital, and stated that by reason of losses sustained in the business of the company in the year 1924, the company's capital had been impaired to the extent of $85,000, so that the net worth of the corporation has been reduced from $211,000 to $126,000. He further stated that in view of an outstanding agreement between Adolph Rosenberg and Leo T. Perls, (the holders of all of the Company's common stock) which provided for an apportionment of profits and losses, it had been decided to rearrange the stockholdings as follows:

1. Leo T. Perls to surrender 1 share common stock to Adolph Rosenberg and 2 shares common stock to the Corporation.

2. Adolph Rosenberg to surrender 252½ shares Class A Preferred stock of the aggregate value of $25,250 to the Corporation.

3. Sara F. Rosenberg to surrender 252½ shares Class A Preferred Stock of the aggregate value of $25,250 to the Corporation.

4. Leo T. Perls to surrender to the corporation 162½ shares Class B Preferred stock of the aggregate value of $16,250.

5. Blanche L. Perls to surrender to the corporation 162½ shares Class B Preferred stock of the aggregate value of $16,250.

The chairman further stated that when all these surrenders have been effected, the corporation's stock will be held, as follows:

1. Adolph Rosenberg & Co. Inc. will hold 2 shares common stock, 505 shares Class A Preferred stock, and 325 shares Class B Preferred stock.

2. Adolph Rosenberg will hold 12 shares of common stock and 630 shares Class A Preferred stock.

3. Sara F. Rosenberg will hold 630 shares Class A Preferred stock.

4. Leo T. Perls will hold 6 shares of common stock.

Upon motion duly made and unanimously carried, it was

RESOLVED, that the changes in the stockholdings hereinabove in this meeting outlined by the Chairman, be and the same hereby are approved in all respects insofar as they affect his Corporation, and that any of the officers of the Corporation be and hereby is authorized and directed to do and perform all things necessary or desirable to effectuate the purposes of these resolutions, and to consummate the said changes in stockholdings.

Upon motion duly made and carried, it was

RESOLVED, that this Corporation employ Adolph Rosenberg as general manager for the period of one year from January 1, 1925, at an annual salary of $15,000, payable in equal monthly installments at the end of each month, and that any of the officers of this corporation be and hereby is authorized to sign any agreements and to do all things deemed necessary to effect the purposes of this resolution.

Upon motion duly made and carried, it was

RESOLVED, that the Corporation employ Leo T. Perls as assistant general manager for the period of one year from January 1, 1925, at an annual salary of $10,000 payable in equal monthly installments at the end of each month, and that any of the officers of this corporation be and hereby is authorized to sign any agreements and to do all things deemed necessary to effect the purposes of this resolution.

Upon motion duly made and carried, it was

RESOLVED, that a certain agreement dated December 31st, 1924, a copy of which is annexed in the minutes of this meeting, be and the same hereby is ratified and confirmed insofar as said agreement affects this corporation, and that any of the officers of this corporation be and the same is hereby authorized and directed to do all things necessary to effectuate the provisions of this agreement.

Upon motion duly made and carried, it was

RESOLVED that no dividends or distributions shall at any time be declared or paid on any stock owned by the corporation and that such stock so owned shall have no voting rights or powers.

There being no further business before the meeting, upon motion duly made and carried, the meeting adjourned.

ADOLPH ROSENBERG,
*Chairman.*

LEO T. PERLS,
*Secretary.*

On December 31, 1923, the financial statement of the corporation showed assets of $281,039.93, liabilities of $103,432.72, capital stock of $211,000, and a deficit of $33,392.79. The statement as of December 15, 1924, showed assets of $199,396.07, liabilities of $73,396.07, and capital stock of $126,000, and a loss for 1924 of $50,905.09.

The corporation was dissolved in 1925.

OPINION.

MILLIKEN: The sole issue is whether the three stockholders of A. Rosenberg & Co., Inc., sustained deductible losses in the year 1924 by reason of the surrender by them to the corporation of certain amounts of preferred stock. Even assuming, without admitting, that the petitioners did suffer losses, we are unable to determine the amount thereof for we have no evidence of the cost to the petitioners of the stock surrendered.

*Judgment will be entered for the respondent.*